EX PARTE CHARLES LANGFORD.

No. 14302.   Delivered March 18, 1931.

The opinion states the case.

*Homer C. De Wolfe* and *F. P. Bowman,* both of Goldthwaite, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The appellant is held under a complaint charging him with murder. Apparently the magistrate refused bail and by way of habeas corpus the appellant sought discharge and in the alternative bail. He was denied relief and this appeal is prosecuted.

The appellant and his father (the deceased) were traveling in an automobile at nighttime. The appellant claimed that the deceased was killed by accident; the State claimed that he was killed by the design of the appellant. The tragedy took place near midnight upon a public road. A justice of the peace was called to the scene and testified in substance that upon his visit to the body of the deceased the appellant was present and explained the circumstances under which the death took place. These were in substance that while the accused was fixing a puncture in the rear tire of his car, a rock had been placed in front of the wheel to prevent the car from rolling down a hill; that after fixing the puncture the rock was removed and the car pushed off the jack, when it jumped in gear and started running; that he ran by the side of the car and endeavored to stop it by the use of the brake, but before it could be stopped his father was run over by the car. The injuries upon the deceased were described by the State's witnesses and by a doctor who was called in behalf of the State. The doctor who examined the deceased found a scalp wound over the right ear about three inches long but no fracture there. There was a triangular scalp wound on the left side of the head and a fracture there. There were scratches upon the shoulder and the knee, and the skin had been injured, apparently by coming in contact with the ground. The fracture on the left side of the head was one that could have been made by contact with a tap or nut under the car. Such injury was one which did not appear to have been inflicted by a blunt instrument but such as would have been inflicted by having been run over by an automobile.

Another doctor gave his opinion that the injuries were inflicted by a sharp instrument and could not have been inflicted by being run over by an automobile.

There was testimony that insurance had been carried upon the life of the deceased by some of his relatives but that it had been permitted to lapse.

From the agreement between the State's attorney and the appellant's counsel it appears that the appellant's circumstances were such as would

not enable him to make bond in a large sum. That he was entitled to bail is deemed clear.

The judgment denying bail is reversed and the appellant is ordered discharged from custody upon the execution of a good and sufficient bail bond in the sum of $2,500.00.

*Judgment reversed and bail allowed.*